Babak Pourtavoosi, Esq
CASBN: 216287
Of counsel to Pannun The Firm, PC
75-20 Astoria Boulevard, Suite 170
Jackson Heights, NY 11370
T: 718- 672-8000  F:718-672-4729
Email: babakpacer@ gmail.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Sikhs For Justice "SFJ", INC.,** | ) |
| | ) Civ. No. |
| Plaintiff, | ) |
| | ) COMPLAINT FOR |
| | ) INJUNCTIVE RELIEF AND |
| | ) DAMAGES |
| | ) |
| v. | ) |
| | ) |
| **Facebook, Inc.,** | ) |
| | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |
| | ) |

Plaintiff, by and through its attorney, alleges the following:

## COMPLAINT

This complaint asks the court to issue a Judgment for all harms suffered by Plaintiff based on the acts, errors, omissions, and misconduct of the Facebook Inc, the Defendant, to wit: blocking access to Plaintiff's Facebook Page (www.Facebook.com/sikhsforjusticepage), posts, and all content on Defendant's

web based platform or service throughout the country of India based on the plaintiff's constitutionally protected political and human rights related activities, whether on behest of the Government of India or on its own; including but not limited to:

- running a campaign on Facebook against increasing human rights violations against religious minorities of India since election of Indian Prime Minister Narendra Modi in May 2014 specifically forced conversions of Christians and Muslims to Hinduism through the "Homecoming" scheme;

- running a campaign on Facebook exposing  PM Modi's involvement in massacre of Muslims in the Indian State of Gujarat during 2002 which caused a ban,  from 2005 till 2014, on Modi's entry to the United States under International Religious Freedom Act of 1998;

- running a campaign on Facebook advocating "right to self determination" as guaranteed by UN Charter and International Covenant on Civil and Political Rights, for the Sikh people of the Indian state of Punjab;

- launching and a campaign demanding that India should hold an independence referendum in the state of Punjab under UN Charter;

- campaigning on Facebook about Article 25 of the Constitution on India which labels "Sikhs" as "Hindus" and undermines the separate and status of Sikhism as district religious identity of the Sikh community.

The above and other campaigns run and launched by the plaintiff through its Facebook Page aimed at exposing India with regard to the plight of religious minorities and denial of Sikhs' right to self determination and demand for independence referendum in the Indian occupied Punjab, prompted the defendant to block access to plaintiff's Facebook page in India, on its own or on the behest of the Government of India.

## I. BACKGROUND INFORMATION

India is a country of over 1.2 billion people with Hindus as a majority while Muslims, Christians, Sikhs, Budhists and others being vulnerable minorities.

Since the election of Narendra Modi as Prime Minister of India in May 2014, religious minorities especially Christians, Muslims and Sikhs are under increased attacks from the Hindu supremacist groups closely aligned with the ruling party of India. Groups like Rashtriya Swayamsevak Sangh (RSS) believe in and practice a fascist ideology[1] and run a passionate, vicious and violent campaign to turn India into a "Hindu" nation with a homogeneous religious and cultural

---

[1] http://www.ibtimes.com/hindu-nationalists-historical-links-nazism-fascism-214222

Civil Complaint  Page 3 of 15
SFJ v. Facebook Inc.

identity[2]. While Sikhs, one of the religious minorities of India, has been stripped off its religious identity through Article 25(b)[3] of the Constitution of India[4] which labels "Sikhs" as "Hindus", Christian and Muslim communities are being targeted by BJP and RSS with new zeal ever since Modi became Prime Minister, to accomplish its agenda of turning India into a "Hindu" nation. On August 11, 2014 RSS Chief Mohan Bhagwat unequivocally announced his party's agenda by stating that, "*The entire world recognizes Indians as Hindus therefore India is a Hindu state*[5]". In December 2014, RSS launched a nation-wide campaign called "The Home Coming" to forcibly convert Christians and Muslims to Hindus[6] resulting into engulfing of thousands of members of religious minorities into "Hindu fold".

Sikhism is the 5th largest religion with 28 million followers throughout the world. Sikhs in India comprise 1.8 % of the total population with majority living in the Indian occupied Punjab. Founded in 15th Century by Sri Guru Nanak Dev Ji, Sikhism is a separate religion, with its own distinct set of faith and principles, religious book (Sri Guru Granth Sahib), rituals and practices. It is undisputed

---

[2] "RSS to press ahead on conversions" http://in.reuters.com/article/2014/12/21/india-politics-religion-idINKBN0JZ07D20141221
[3] http://www.tribuneindia.com/news/punjab/after-3-decades-sikh-demand-for-separate-status-gains-force-again/19096.html
[4] Explanation II to Article 25(b) of the Constitution of India 1949 provides that "...reference to Hindus shall be construed as including a reference to persons professing the Sikh....."
[5] http://www.ndtv.com/article/india/citizens-of-hindustan-hindus-rss-chief-mohan-bhagwat-s-comment-sparks-outrage-574112
[6] http://www.thehindu.com/sunday-anchor/conversion-confusion-forced-into-homecoming/article6711441.ece

historical fact that since its inception, Sikhism has been recognized as a separate religion in its own standing except in post-colonial India where Article 25 of the Indian Constitution labels "Sikhs" as "Hindus".

Since 1984, Sikh community living in Punjab and elsewhere has become more vocal in demanding their right to self determination and seeking for the creation of sovereign country in the State of Punjab. In retaliation to Sikhs' demand for secession and sovereignty on the basis of separate religious identity, Indian government launched a military attack on the holiest Sikh shrine The Golden Temple in June 1984 resulting in desecration of the Sikh Vatican and death of thousands of pilgrims. In November 1984, after assassination of PM Indira Gandhi by her two Sikh bodyguards, another organized genocide of Sikhs was carried out throughout India resulting in death of over 30,000 Sikhs and displacement of over 300,000. From 1984 to 1998 over 100,000 Sikhs were extra judicially and summarily killed by the security forces in the state of Punjab to curb the Sikh movement for independence.

Now, Sikhs' movement and demand for independence referendum is gaining momentum and popularity among Sikhs living in Punjab and across the world, attempts are being made to muzzle the voice of Sikhs through acts such as blocking the Facebook page.

## II. PARTIES

**Plaintiff** Sikhs For Justice, Inc. (SFJ) is a registered not-for-profit organization duly organized under the laws of the State of New York and dedicated to the advocacy of human rights particularly rights and issues pertaining to the plight of religious minorities of India and their treatment by the successive Indian Governments.

SFJ believes in and adheres to Universal Declaration of Human Rights and endeavors to create an environment in which minorities - regardless of race, religion, language, gender, or ethnicity – can freely exercise their right to "self determination" as enshrined in the Universal Declaration of Human Rights and United Nations Covenant on Civil and Political Rights.

SFJ's mission includes "Realization of Sikhs' Right to Self Determination and holding of Independence Referendum in the state Punjab".

**Defendant** Facebook, Inc. is a corporation organized and existing under the laws of the state of Delaware with its principle place of business in Palo Alto, California. The defendant runs a social media portal/service by the name Facebook.

### III. JURISDICTION AND VENUE

The United States District Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. 1331.

The United States District Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367 over Plaintiff's claims under Title II of the Civil Rights Act of 1964, as amended (42 USC Section 2000a, et seq.) and the California Unruh Civil Rights Act (California Civil Code 51, et seq.).

Venue is proper in the Northern District pursuant to 28 U.S.C. 1391 (b)-(c) and 1441 (a).

The Northern District of California is the venue required for disputes pursuant to Defendant Facebook, Inc.'s Terms of Agreement.

Defendant Facebook, Inc. has been doing business in California, including the Northern District of California. Facebook, Inc. is subject to jurisdiction in this District. This Court has personal jurisdiction over Defendant.

The applicable statutes of limitations have not yet lapsed in this action.

### IV. FACTS

In or around the first week of May 1, 2015, the plaintiff learnt the contents of the Plaintiff's Facebook Page, a known human rights advocacy group advocating for fairness, equality, and self-determination of an oppressed religious minority in

India, on the Defendant's internet-based social media service were blocked completely in India without notice, reason, explanation, or proper and lawful cause.

On May 15, 2015, legal advisor for Plaintiff, Gurpatwant Singh Pannun, Esquire, submitted correspondence to the Defendant and to the Defendant's General Counsel requesting an immediate cease and desist of further unlawful and improper conduct by Defendant and/or explain the reason for such conduct.

On May 29, 2015, a subsequent electronic e-mail message was sent to Defendant by Plaintiff's legal advisor.

Plaintiff 's legal advisor received no responsive communication to either correspondence or communication, except a meaningless correspondence that simply stated that Plaintiff contact a specific number if further assistance was required. The correspondence did not address the written concerns of Plaintiff. **Copies of the Correspondence sent by Plaintiff's legal advisor and the purported responses are annexed here collectively as Exhibit 1.**

Attempts to contact Defendant have been futile. Plaintiff seeks an immediate injunction against Defendant and damages for losses sustained as a result of the loss of content on Defendant's social media service in India.

Plaintiff has diligently attempted to contact Defendant and has been unable to in order to address the concerns alleged in this complaint.

## V. CLAIMS FOR RELIEF

Plaintiff's causes of action include the following:

*AS AND FOR A FIRST CAUSE OF ACTION*
*PERMANENT INJUNCTION*

1. Plaintiff reiterates, repeats, and re-alleges all prior paragraphs as if made with the same force and effect herein.

2. Plaintiff has a clear right to the relief requested.

3. Defendant has engaged in a practice prohibited by 42 USC Section 2000a-2.

4. Defendant has engaged in a pattern of civil rights violation and blatant discriminatory conduct by blocking Plaintiff's content in the entire India.

5. Plaintiff and its members have suffered irreparable harm by the deprivation of services and blocking of content in India by Defendant.

6. Plaintiff and its members continue to suffer injuries.

7. Plaintiff lacks an adequate remedy at law.

*AS AND FOR A SECOND CAUSE OF ACTION*
*DAMAGES UNDER TITLE II OF THE U.S. CIVIL RIGHTS ACT OF 1964,*
*AS AMENDED*

8. Plaintiff reiterates, repeats, and re-alleges all prior paragraphs as if made with the same force and effect herein.

9. Defendant operates a place of public accommodation as a social networking service that is internet-based but with physical headquarters and locations of business in the State of California.

10. Defendant willfully, intentionally, purposefully, knowingly, recklessly, and/or negligently deprived Plaintiff and its members in the entire India of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant's internet-based social networking service as a place of public accommodation, as defined in 42 USC Section 2000a.

11. That Defendant did so deprive Plaintiff and its members with discrimination and segregation on the ground of race, religion, ancestry, and national origin.

12. That the conduct of Defendant was supported by State action in complying with, conspiring with, or otherwise collaborating with the government of India to deliberately block access to the Facebook page of the Plaintiff being hosted by the Defendant's internet-based social networking service throughout India in retaliation to plaintiff's campaign against forced conversion to Hinduism of the members of Christian, Muslim and Sikh communities and other political campaigns run the by plaintiff through its Facebook page, or for other reasons, and such action having been taken by the defendant on its own or on the behest, urging or request of the Indian

authorities. Among other things, of Plaintiff's Facebook page directly advocates against "forced conversions" of religious minorities in India; for a referendum in the state of Punjab for creation of an independent Sikh country; and amendment to the Article 25 of the Constitution of India which labels "Sikhs" and "Hindus". The events since the election of Narendra Modi last year clearly show that the ruling Hindu nationalist party and its allies are against minorities and their religious identities and in particular adheres to the notion that "Sikhs" do not have a separate religious identity but instead are a part of "Hindus" ; against referendum in the state of Punjab. The ruling party of India headed by Prime Minister Modi, in collaboration with other Hindu supremacist groups of the country, has also launched a fierce campaign titled "Homecoming" to forcibly convert members of religious minorities to "Hinduism". The plaintiff has been vocal through its Facebook page hosted by the defendant's portal/service over the plight of minorities in India.

13. That Defendant's internet-based social networking service constitutes "commerce" as defined in 42 USC Section 2000a.

## *AS AND FOR A THIRD CAUSE OF ACTION*
## *DAMAGES UNDER THE CALIFORNIA UNRUH CIVIL RIGHTS ACT*

14. Plaintiff reiterates, repeats, and re-alleges all prior paragraphs as if made with the same force and effect herein.

15. Plaintiff claims that Defendant denied it full and equal accommodations, advantages, facilities, privileges, and services because of the race, religion, ancestry, and national origin of its members. To establish this claim, Plaintiff will prove all of the following:

    1. That Defendant denied, aided or incited a denial of, discriminated or made a distinction that denied the full and equal accommodations, advantages, facilities, privileges, and services to Plaintiff and its members throughout the entire India;

    2. That a motivating reason for Defendant's conduct was its perception of Plaintiff's members' race, religion, ancestry, and national origin;

    3. That the race, religion, ancestry, and national origin of a person or multiple persons whom Plaintiff was associated with as its member base was a motivating reason for Defendant's conduct;

    4. That Plaintiff was harmed; and

    5. That Defendant's conduct was a substantial factor in causing Plaintiff's harm.

### AS AND FOR A FOURTH CAUSE OF ACTION
### BREACH OF CONTRACT

16. Plaintiff reiterates, repeats, and re-alleges all prior paragraphs as if made with the same force and effect herein.

17. Plaintiff and Defendant had a contract for the use of Defendant's internet-based and physically-office-centered social networking site.

18. Plaintiff performed every part of its obligation.

19. Defendant breached the contract by blocking Plaintiff's content.

20. Plaintiff was damaged thereby.

### AS AND FOR A FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

21. Plaintiff reiterates, repeats, and re-alleges all prior paragraphs as if made with the same force and effect herein.

22. That Plaintiff and Defendant entered into a contract;

23. That Plaintiff did all, or substantially all of the significant things that the contract required it to do in that plaintiffs did not violate the terms of agreement and terms of "community standards" as set by the defendant;

24. That all conditions required for Defendant's performance had occurred;

25. That Defendant unfairly interfered with Plaintiff's right to receive the benefits of the contract; and

26. That Plaintiff was harmed by Defendant's conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

a. For a permanent injunction to issue ordering Defendant to cease and desist from blocking public access in India to Plaintiff's Facebook page on Defendant's social networking service/portal i.e. "Facebook" and further cease to engage in continuous and unlawful discriminatory act of blocking plaintiff's Facebook page in India or anywhere else;

b. For an award of compensatory and punitive damages against Defendant and in favor of Plaintiff for its federal and state civil rights claims and the blatant discrimination and deprivation of content and all discriminatory conduct committed by Defendant against Plaintiff and its members;

c. For an order asking Defendant to produce any and all communications and documents with the government of India, any representative, agency, or organization acting on behalf of the Government of India, pertaining to the plaintiff's Facebook Page or requesting/asking

   Facebook Inc. to block public access to the Plaintiff's Facebook page in India or anywhere else;

d. For an award of statutory attorney's fees;

e. For costs and disbursements in bringing this action;

f. For such, other, further, or different relief as this honorable Court may deem to be just, proper, fitting, and equitable.

Dated: June 02, 2015

    __/s/ Babak Pourtavoosi_____
Babak Pourtavoosi, Esq., Of counsel to
Pannun The Firm PC
75-20 Astoria Boulevard, Suite 170
Jackson Heights, NY 11370
T: 718- 672-8000  F:718-672-4729
babakpacer@ gmail.com