FILED

SEP 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SIKHS FOR JUSTICE, INC., <br><br>             Plaintiff - Appellant, <br><br>   v. <br><br> FACEBOOK, INC., <br><br>             Defendant - Appellee. | No. 15-17441 <br><br> D.C. No. 5:15-cv-02442-LHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted September 11, 2017[**]
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and SANDS, Senior District Judge.[***]

**1.** The district court properly dismissed Sikhs for Justice, Inc.'s (SFJ)

discrimination claim under Title II of the Civil Rights Act of 1964.  The

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [***]   The Honorable W. Louis Sands, Senior United States District Judge for the Middle District of Georgia, sitting by designation.

Communications Decency Act (CDA) provides interactive computer service providers immunity from civil liability when the claim is premised upon the provider's role as "the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1), (c)(2). "This grant of immunity applies only if the interactive computer service provider is not also an 'information content provider,' which is defined as someone who is 'responsible, in whole or in part, for the creation or development of' the offending content." *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) (quoting 47 U.S.C. § 230(f)(3)).

Here, it is undisputed that Facebook is an interactive computer service provider. SFJ seeks to hold Facebook liable as a publisher for hosting, and later blocking, SFJ's online content. *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1103 (9th Cir. 2009), *as amended* (Sept. 28, 2009) ("removing content is something publishers do"). But SFJ, not Facebook, is the party solely responsible for creating and developing the content on SFJ's webpage. As such, Facebook cannot be deemed an "information content provider," and it is therefore entitled to the immunity conferred under § 230. Moreover, we have found no authority, and SFJ fails to cite any authority, holding that Title II of the Civil Rights Act of 1964 provides an exception to the immunity afforded to Facebook under the CDA.

Because SFJ's Title II claim is barred by the CDA, granting SFJ leave to amend its complaint would have been futile.  As a result, the district court properly dismissed SFJ's Title II claim with prejudice.

**2.**  The district court properly dismissed SFJ's pendent state law claims.  The court did not abuse its discretion in declining to exercise supplemental jurisdiction over these remaining state law claims after it dismissed SFJ's sole claim under federal law.

**AFFIRMED.**